Birchard, C. J.
This case presents the single question whether a party entrusting commercial paper before due, with *576 another, under such circumstances as to enable him to deal with the apparent rightful owner, and he does so deal, can retain the paper or its proceeds, by proving his original equity. The bill in question when it came to the hands of the defendant, bore evidence upon its face that it was the property of Warrick Martin & Co. They were its apparent owners; the public had a right to so treat them. That firm were brokers, living in Pittsburg, and doing business with the defendant, also a broker, residing in Zanesville. Each firm had been in the habit of crediting the other for sums of money received in this way, and remitting balance. This bill took the usual course, and the defendant having a balance of account against the persons from whom he received it, retained it to offset and liquidate that balance.
It looks like a case of hardship for the actual owner of the bill to lose it for the bare error of entrusting its collection to irresponsible money brokers. It would be equally a case of hardship if the defendant should be compelled to lose the amount, when, but for the credit by this means given to War-rick Martin & Co., ho would probably have taken measures to secure the balance of account due him. The rule in such cases is, that where one of two persons must sustain loss, he shall be the sufferer who placed the means of imposition in the hands of the wrong doer. Between two innocent persons, he shall suffer who incautiously gave the means of obtaining the false credit.
It is admitted by the counsel for the plaintiff in error, that if we follow the doctrine of the Supreme Court of the United States, in the case of the Bank of the Metropolis v. The New England Bank, 17 Pet. R. 174, we must sustain the judgment below. In that case it is said to have been "long settled that wherever a banker has advanced money to another, he has a lien on all the paper securities which are in his hands for the amount of his general balance, unless such securities were delivered to him under a particular agreement.” In that case the paper bore prima facie evidence that it was the property of the Com *577 monwealth Bank. It was in fact the property of the N. E. Bank, but the Bank of the Metropolis received it from the former without notice that they were not the owners, and the Court say “ if an advance of money had been made upon this paper to the Commonwealth Bank, the right to retain it for the amount, would hardly be disputed.”
“ We do not perceive any difference in principle, between an advance of money, and a balance suffered to remain upon the faith of their mutual dealing. In the one case as in the other credit is given upon the credit of the paper deposited.”
This case appears to be decisive of the question presented by the agreed case, and it is sustained' by the English cases, to which we have been referred, and is also sustained by reason as well as authority. A loss must be borne by one of the parties. The misplaced confidence of the plaintiff has occasioned the-loss which he sustained. It was his want of caution in trusting commercial paper in irresponsible hands, as the apparent true owners, which enabled Warrick Martin & Co. to deal with and transmit it as their own. He was not bound to do this, he might have pursued the usual and safe course by sending it to an attorney of Zanesville for collection, or to the defendant. Or by proper inquiry he might have ascertained the responsibility of Warrick Martin & Co., and their mode of doing business. Having neglected this, he cannot compel the defendant who is guilty of no fault, to bear the consequences of his want of caution in placing his own property in hands unworthy of trust.

Judgment affirmed.

Read, J., dissented.